UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-CV-91-DCLC-JEM |
| | ) |
| KNOX COUNTY, OHIO, | ) |
| KNOX COUNTY COURT OF COMMON | ) |
| PLEAS, and STATE OF OHIO, | ) |
| | ) |
| Defendants. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] and the pro se Complaint for Violation of Civil Rights ("Complaint") [Doc. 2]. For the reasons more fully stated below, the undersigned finds that Plaintiff shall be allowed to file the Complaint without prepayment of costs; however, the undersigned **RECOMMENDS** that the Complaint [Doc. 2] be dismissed in its entirety.

I. **FILING FEE**

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 1]. Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was nine cents. The Application and Certificate demonstrate that Plaintiff has little income and

few assets and is unable to prepay such fees. Accordingly, Plaintiff's Application [**Doc. 1**] is **GRANTED**.

Because Plaintiff is an inmate in the McMinn County Justice Center, however, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk is also **DIRECTED** to forward a copy of this order to the Court's financial deputy. The Clerk **SHALL NOT**, however, issue process at this time.

II. ANALYSIS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are

against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff utilized the form complaint for civil rights violations pursuant to 42 U.S.C. § 1983 [Doc. 2]. Plaintiff alleges that in 2015, when Plaintiff was a minor, he was falsely convicted of rape [*Id.* at 3]. According to Plaintiff, the victim's parents did not want to file charges against Plaintiff if he agreed to seek treatment, and after speaking with the Department of Children's ("DCS"), they agreed to drop the charges [*Id.* at 4]. Later, on July 6, 2015, however, Plaintiff states that the judge ordered the case to be reopened, and the State of Ohio pressed charges after Plaintiff had moved to Tennessee in April 2015 [*Id.*]. The court set Plaintiff's criminal trial for October 25, 2015 [*Id.*]. Plaintiff alleges that he was convicted without a jury and without a finding of sufficient evidence, which ruined his future to join the United States Marines and to finish high school football [*Id.*]. Plaintiff avers that the judge wanted to make an example out of him to win an election in violation of Plaintiff's Eighth Amendment right [*Id.*]. Plaintiff seeks $500 million in relief and requests that the Court overturn the state court's decision, including the McMinn

3

County's Court verdict [*Id.* at 5]. Plaintiff also requests the costs of this action, including legal fees [*Id.*].

The Sixth Circuit has affirmed dismissal of claims similar to those set forth in Plaintiff's Complaint. In *Rowls v. Weaver*, 24 F. App'x 453, 453 (6th Cir. 2001), the plaintiff sued numerous Michigan Supreme Court Justices in their official capacities, claiming that they violated his procedural and substantive due process rights and his equal protection rights. *Id*. at 454–55. He alleged that "defendants abused their state authority and violated state established procedures when they improperly denied his application for leave to appeal from his 1997 state conviction for criminal conduct." *Id.* at 455. The district court found the plaintiff's complaint lacked an arguable basis in law and dismissed it as frivolous pursuant to § 1915(e), and plaintiff appealed. *Id*.

The Sixth Circuit affirmed the district court's dismissal and agreed that the plaintiff's claims lacked an arguable basis in law. *Id.* The Court reasoned, "[T]o the extent [the plaintiff] is challenging his 1997 state court conviction, he cannot pursue such relief under § 1983." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). In addition, the Court found that it lacked subject matter jurisdiction, explaining, "[U]nder the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state courts as only the United States Supreme Court has jurisdiction to correct state court judgments." *Id*. (citations omitted). It further explained that courts cannot "review constitutional claims that are inextricably intertwined with the state court's decision, which occurs when "the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law." *Id.* (citations omitted). The Court concluded that the plaintiff "clearly sought to have this court review the state court proceedings, even though his intent to do so was thinly veiled by

4

nominal allegations of constitutional violations." *Id.* The Court therefore affirmed the district court's judgment. *Id.* at 455–56.

For similar reasons, the Court finds that Plaintiff's claims lack an arguable basis in law. To the extent that Plaintiff is challenging his 2015 state-court conviction, he cannot pursue relief under § 1983. *Id.* at 455 (citation omitted). In addition, the Court lacks subject matter jurisdiction over Plaintiff's Complaint pursuant to the *Rooker-Feldman* doctrine because Plaintiff's claims are inextricably intertwined with the state court's decision, which Plaintiff seeks to overturn. *Id.* (citations omitted). Plaintiff also seeks $500 million in damages [*see* Doc. 2 p. 5], but the "Eleventh Amendment specifically prohibits federal courts from exercising subject-matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official capacities[,]" and states and state agencies sued for "money damages are not considered 'persons' within the meaning of 42 U.S.C. § 1983." *vanHouten v. Ky. Dep't of Corr.*, No. 5:21-CV-153-KKC, 2022 WL 243311, at *2 (E.D. Ky. Jan. 25, 2022) (citations omitted). Accordingly, the Court lacks jurisdiction to review the state-court proceedings.

### III. CONCLUSION

For the reasons set forth above, the Court finds Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**] well taken, and it is **GRANTED**. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as provided above. However, no process shall issue until the District Judge has ruled upon this Report and

5

Recommendation,[1] because it is **RECOMMENDED**[2] that the Complaint be **DISMISSED** in its entirety because Plaintiff's claims fail to state an arguable basis in law.

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[1] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 915 F.2d at 263, wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).